## HENRY LOEFFLER, RESPONDENT, *v.* ANDREW FROELICH, APPELLANT.

*Building contracts — how far the parties thereto are concluded by the certificate of the architect — when the owner may recover damages for defects in the work, although the architect has given his certificate.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This is an action to foreclose a mechanic's lien. The plaintiff made a contract with the defendant Froelich to furnish the carpenter work for a number of new buildings, and the certificate of the architect was made a condition precedent of his right to receive any payments. The work having been substantially performed, the architect furnished the certificate for the last payment on the understanding that some incompleteness in the work should be perfected by the plaintiff. That certificate was subsequently revoked, and the principal question on the appeal has reference to the effect of the certificate.

The court at General Term said: "It is conceded by the counsel for the appellant, in a spirit of great fairness, that the revocation of the certificate produced no effect on its potency. But it is contended that the certificate is only evidence of substantial compliance with the contract, and that it left the way open for the defendant to prove failures of the plaintiff to perform the same completely. This is in accordance with the modern rule in similar cases, that where a builder has substantially complied with his contract, with an honest intention to perform the same fully and exactly, he may recover

notwithstanding unimportant omissions or defects·for which compensation can be made by an allowance to the owner. (*Nolan* v. *Whitney*, 88 N. Y., 648; *Woodward* v. *Fuller*, 80 id., 312.) In pursuance of what the defendant conceived to be his rights he offered to prove on the trial of this cause that he sustained damages to the extent of $125 by reason of the fact that the cornices front and rear were not constructed according to the specifications. An objection to this testimony was sustained and the defendant excepted to this ruling. This was a substantial error. While the plaintiff may recover on a substantial compliance with his contract, of which the certificate of the architect is evidence, yet the defendant must receive compensation for defects and omissions by an allowance as a counter claim in this action, and to that end he must be allowed to prove his damages.

" The judgment should be reversed, and a new trial granted, with costs to abide the event. Order of reference vacated."

*Josiah T. Marean*, for the appellant.

*Samuel T. Maddox*, for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., concurred.

Judgment reversed, and new trial granted, costs to abide event.